IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Appellee, | ) |
| v. | ) No. 14-4245 |
| MARK T. ALBRECHTA, | ) |
| Defendant-Appellant. | ) |

## United States' Motion to Dismiss Appeal

The United States respectfully moves to dismiss the appeal filed by defendant, Michael F. Matthews, because his notice of appeal is untimely.

Defendant pleaded guilty, with a plea agreement, to a one count criminal information—conspiracy to distribute, and possess with the intent to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841.

The district court entered the judgment in defendant's case on January 10, 2014. The district court's docket shows that defendant's notice of appeal was entered March 17, 2014, over two months later.

Under Fed. R. App. P. 4(b)(1)(A)(i), defendant was required to file his notice of appeal within 14 days of the date the judgment of conviction was entered.

When a defendant can show "excusable neglect or good cause," a district court may extend the time for filing the notice of appeal. *See* Fed. R. App. P. 4(b)(4). But any such extension is limited to "a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." *Id. See also United States v. Moore*, 24 F.3d 624, 626 (4th Cir. 1994); *United States v. Reyes*, 759 F.2d 351, 354 (4th Cir. 1985). Here, defendant's notice of appeal was filed more than 44 days beyond the time for filing an appeal, so no adequate extension could have been granted.

Because defendant is incarcerated and filed the notice of appeal himself, the filing date runs from the date when he deposited his notice of appeal in the prison's mail system. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988). But even giving defendant the benefit of the mailbox rule leaves his appeal far out of time.

Although the timeliness of a criminal direct appeal is not jurisdictional, *see, e.g., United States v. Urutyan*, 564 F.3d 679, 683- 86 (4th Cir. 2009), the timeliness requirement in Rule 4(b) must be enforced when the government invokes it. *See, e.g., United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008).

The United States respectfully requests that defendant's appeal be dismissed as untimely.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:   __/s/_____
        Peter S. Duffey
        Assistant United States Attorney
        U.S. Attorney's Office
        Eastern District of Virginia
        600 East Main Street, Suite 1800
        Richmond, Virginia 23219
        (804) 819-5400
        Peter.duffey@usdoj.gov

## Certificate of Service

I certify that on June 5, 2014, I filed electronically the foregoing motion to dismiss appeal with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the attorney below:

Joseph R. Pope, Esq.
Williams Mullen, P.C.
200 S. 10th Street, #1600
Richmond, VA 23219
804-420-6000
jpope@williamsmullen.com

                ___/s/_____
                Peter S. Duffey
                Assistant United States Attorney
                U.S. Attorney's Office
                Eastern District of Virginia
                600 East Main Street, Suite 1800
                Richmond, Virginia 23219
                (804) 819-5400
                Peter.duffey@usdoj.gov